# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| HELMETS, Inc., an Alabama corporation, and JORDAN TODD SOBEL, Inc., an individual, | ) ) ) ) |
| v. | ) ) Case No. |
| 2:20 MARKETING GROUP, LLC, a Utah corporation d/b/a XURLI, and JEFF LERNER, | ) ) **JURY TRIAL DEMANDED** ) ) ) |

## COMPLAINT

Helmets, Inc. (hereinafter "Helmets") and Jordan Todd Sobel (hereinafter "Sobel"), collectively referred to herein as "Plaintiffs", bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant 2:20 MARKETING GROUP, LLC (hereinafter "2:20"), Defendant XURLI (hereinafter "Xurli"), and Defendant JEFF LERNER (hereinafter "Lerner"), collectively referred to herein as "Defendants", to put an end to their unlawful practice of placing unsolicited telemarketing calls to consumers nationwide. Plaintiffs, for their Complaint, allege as follows:

## INTRODUCTION

The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., (hereinafter "TCPA") was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendants made these calls despite the fact that neither Plaintiffs, nor the other members of the putative Class, ever provided Defendants with their prior express consent to be called. By making the phone calls at issue in this Complaint, Defendants caused Plaintiffs and the other members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the monies paid to their

telephone carriers for the receipt of such calls. In addition, the calls violated their right of privacy.

Because Defendants make and/or facilitate unsolicited robocalls to consumers without prior express consent, they have, and continue to, violate the TCPA.

In response to Defendants' unlawful conduct, Plaintiffs filed the instant lawsuit seeking an injunction requiring Defendants to cease all unsolicited calling activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, the Alabama Telemarketing Act, and the Alabama Deceptive Trade Practices Act, together with costs and reasonable attorneys' fees.

## PARTIES

1. Plaintiff Helmets is an Alabama corporation, headquartered and operating in Shelby County.

2. Plaintiff Sobel is above the age of nineteen, and is a resident of Shelby County, Alabama.

3. Defendant 2:20 is an Utah entity that provides digital marketing services to small and midsize businesses. Specifically, Defendant 2:20 claims to maintain an expertise in search engine optimization.

4. Defendant Xurli is registered as a "dba" of 2:20 with the Utah Secretary of State, and purports to increase the online exposure of businesses.

5. Defendant Lerner is the owner of Defendant 2:20 and Defendant Xurli.

## JURSDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332, because Plaintiffs and Defendants are residents of diverse states, and Plaintiffs seeks up to $1,500 for each call in

2

violation of the TCPA which, when aggregated among a proposed class number in the tens of thousands, exceeds the $75,000 threshold exclusive of interests and costs.

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331, as the following civil action arises pursuant to 47 U.S.C. § 227, et seq..

8. This Court has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. §1367, *et seq*.

9. Venue is proper in the United States District Court for the Northern District of Alabama as a substantial part of the events or omissions giving rise to the claim occurred within the jurisdiction.

## FACTS AND OVERVIEW

10. Among other things, the TCPA prohibits certain unsolicited marketing calls, and restricts the use of automatic dialers or pre-recorded messages.

11. Defendants provide local search engine optimization for local businesses nationwide. Unfortunately, in their pursuit of marketing those services, according to information and belief, Defendants conducted and conduct nationwide telemarketing campaigns. 47 U.S.C. § 227, et seq.

12. In order to reach more customers, Defendants use an invasive and illegal method of advertising: unsolicited telemarking via a pre-recorded message and/or automatic dialer known as "robocalling."

13. Defendants or their agents place pre-recorded calls to consumers incorrectly and fraudulent informing businesses and business owners that there is an issue with their Google listings, and that they are to remain on the line to speak with a live representative. The live operator then tries to sell the consumer local search engine optimization services.

14. Defendants have resorted to unsolicited robocalls to grow their customer base.

15. This telemarketing sequence, from beginning to end, was and is designed to hide the real identity of the company behind the telemarketer since the company did not have consent to call the consumers in the first place. Specifically, Defendants repeatedly call the same consumer from various telephone numbers and promptly terminate any calls wherein the consumer seeks more detailed information regarding the manner in which their cellular phone number was obtained.

16. Defendants made, and continue to make, these telemarketing calls to consumers nationwide without their prior written consent to do so.

17. Even though these calls are directed towards businesses, many consumers including Plaintiff Sobel, received these pre-recorded "robocalls" calls on their cellular phone.

18. Defendants made and continue to make these telemarketing calls to consumers nationwide without their prior written express consent to do so.

19. Online consumer complaints regarding Defendants' unsolicited telemarketing calls are, among others, as follows:

- Telemarketer with nasty practices, nasty remarks, and rude calls that interrupt my daily business… I would like for this company to change their cold-calling policies, or the should be removed from the BBB.[1]

- This is obliviously a SPOOFED NUMBER – I've blocked it four times and they keep getting through… Knock it off and quit bothering people.[2]

## PLAINTIFFS' EXPERIENCE

---

[1] Consumer Complaints for 2:20 Marketing Group, LLC, BBB Business Review, www.bbb.org/utah/business-
[2] Caller Complaints for Xurli, http: www.callercomplaints.com/SearchResult.aspx?Phone=360-203-7103

4

20. On June 29, 2003 Plaintiff Sobel registered his cellular phone number with the National Do Not Call Registry, which was established by the Federal Trade Commission ("FTC") to comply with the Do-Not-Call Implementation Act of 2003, 15 U.S.C.6101, *et seq*.

21. On information and belief, starting in or around August 14, 2015, Plaintiffs began receiving pre-recorded telemarketing calls from Defendants on Plaintiff Sobel's cellular phone regarding placement in Google's search results.

22. On August 14, 2015, Plaintiff Sobel received an initial pre-recorded call on his cellular telephone indicating that there was a problem with the Google listing of Plaintiff Helmets. Said call was received from phone number 1-800-873-4373, which is a number registered to Defendant Xurli, as listed by White Pages online.[3]

23. On the same day, Plaintiff also received a call on Defendants' behalf from a telephone number with a Jefferson County area code.

24. On August 19, 2015, Defendants once again called Plaintiff Sobel from a telephone number with a New Jersey area code. Plaintiff Sobel began to inquire as to how they received his cellular phone number and other matters. Defendants promptly terminated the telephone call.

25. On August 28, 2015, Defendants once again called Plaintiff Sobel from a telephone number with a Washington area code.

26. Since August 28, 2015, Plaintiffs have received further unsolicited and illegal calls from Defendants.

27. Plaintiffs did not express their prior express written to be called by Defendants and did not interact with Defendants in any way prior to receiving a call from them.

28. Plaintiffs have never done any business with Defendants.

---

[3] www.whitepages.com/business/xurli-st-george-ut.

29. Plaintiff Sobel repeatedly stated that he did not want to receive any calls from Defendants.

30. Defendants were and are aware that they are placing unsolicited robocalls to Plaintiffs and other consumers without their prior written consent.

## CLASS ALLEGATIONS

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

> **Robocall Class**: All persons in the United States who (1) received a telephone call; (2) promoting Defendants' services (3) that featured an artificial or pre-recorded voice; and (4) for which the caller had no record of prior written express consent to make such call to the telephone number that received it.
>
> **Do Not Call Class**: All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) who never consented to be contacted by Defendant; (3) to which Defendant made more than one telephone call to; (4) promoting Defendant's products or services; (5) within any 12-month period.

32. Excluded from the Class are (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and those entities current and former employees, officers, and directors, (2) the Judge to whom this case is assigned and the Judge's immediate family, (3) persons who execute and file a timely request for exclusion from the Class, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

33. The exact number of members of the Class is unknown and is not available to Plaintiffs at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals. Class members can be easily identified through Defendants' records.

34. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    a. whether Defendants' conduct violated the TCPA;

    b. whether Defendants made calls featuring an artificial or pre-recorded voice;

    c. whether Defendants and/or their agents systematically made phone calls to persons who did not previously provide Defendants and/or their agents their prior express consent to receive such phone calls;

    d. whether Defendants systematically made telephone calls to persons whose telephone numbers were registered with the National Do Not Call Registry; and

    e. whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct.

35. Plaintiffs' claims are typical of the claims of the other members of the Class. Plaintiffs and the Class sustained damages as a result of Defendants' uniform wrongful conduct during transactions with Plaintiffs and the Class.

36. Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs. Plaintiffs and counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs nor counsel have any interest adverse to those of the other members of the Class.

37. This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly and Plaintiffs' challenge of these policies hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs. Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class. The factual and legal bases of Defendants' liability to Plaintiffs and to the other members of the Class are the same, resulting in injury to the Plaintiffs and to all of the other members of the Class. Plaintiffs and the members of the Class have suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

38. This case is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendants' actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendants. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of

single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

39. Plaintiffs reserve the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

## FIRST CAUSE OF ACTION
## VIOLATION OF 47 U.S.C § 227
### (On behalf of Plaintiffs and the Robocall Class)

40. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

41. Defendants made unsolicited and unwanted telemarketing calls to the cellular numbers belonging to Plaintiff Sobel and the other members of the Robocall Class without their prior written express consent.

42. Defendants made unsolicited telemarketing calls to the telephone numbers belonging to Plaintiff Sobel and the other members of the Robocall Class using a prerecorded or artificial voice, more commonly known as a "robocall."

43. By making, or having made on their behalf, unsolicited robocalls utilizing an artificial or prerecorded voice to Plaintiffs and the Class's telephones without prior written express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendants' unlawful conduct, Plaintiffs and the other members of the Robocall Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each violation of the TCPA.

44. Should the Court determine that Defendants' misconduct was willful and knowing, the

Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Robocall Class.

**SECOND CAUSE OF ACTION**
**Violation of the TCPA, 47 U.S.C. § 227(c)(5)**
**(On behalf of the Plaintiffs and the Do Not Call (Class)**

45. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

46. 47 U.S.C. §227 (c) provides that any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which regulations were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

47. 47 C.F.R. §64.1200 (c), provides that "No person or entity shall initiate any telephone solicitation" to "…(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. 47 C.F.R. §64.1200 (d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> f. Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> g. Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

    h. Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or, entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

    i. Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

    j. Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

    k. Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

49. 47 C.F.R. §64.1200 (e), provides that §64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CO Docket No. 02-278, FCC 03-IS3, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless

11

telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

50. Defendants violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to wireless and residential telephone subscribers, such as Plaintiffs and the Do Not Call Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendant, as set forth in 47 C.F.R. §64.1200(d)(3).

51. Defendants and/or its agents made unsolicited telephone calls to Plaintiffs and the members of the Robocall Class without their prior express consent to receive such calls. Plaintiffs and members of the Robocalls Class never provided any form of consent, at any time, to receive telephone calls from Defendant.

52. Defendants violated 47 C.F.R. §64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs and the Do Not Call Class without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

53. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiffs and the Do Not Call Class received more than one telephone call within a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiffs, the Robocall Class, and the Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of § 64.1200.

54. To the extent Defendant's misconduct is determined to be willful and knowing, the Court

should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Class.

## THIRD CAUSE OF ACTION
## VICARIOUS LIABILITY FOR TCPA VIOLATIONS BY A THIRD PARTY TELEMARKETER
### (On behalf of Plaintiffs and the Robocall Class)

55. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

56. Third party telemarketing firm or firms acting as agents for Defendants made unsolicited Robocall telemarketing calls to the telephone numbers belonging to Plaintiffs and the other members of the Robocall Class.

57. By making, or having made on its behalf by third party telemarketing firm or firms, unsolicited robocalls without prior written express consent, Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendants' unlawful conduct, Plaintiffs and the other members of the Robocall Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in statutory damages for each violation of the TCPA.

58. Defendants are liable with regard to said robocall violations as said third party telemarketers had (1) access to detailed information regarding the nature of Defendants' products; (2) said third party telemarketers had the authority to contact Plaintiffs and putative class members using Defendants' trade names; (3) Defendants approved, ratified and/or reviewed said third party telemarketers scripts; and (4) Defendants knew or reasonably should have known that the telemarketer was violating the TCPA on Defendants behalf, and Defendants failed to take effective steps within their power to force the telemarketer to cease said conduct.

59. To the extent Defendants' misconduct is determined to be willful and knowing, the Court

should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Robocall Class.

## FOURTH CAUSE OF ACTION
## VICARIOUS LIABILITY WITH RESPECT TO DO-NOT-CALL VIOLATIONS
### (On behalf of Plaintiffs and the Robocall Class)

60. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

61. 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to "…(2) A residential telephone subscriber who has registered his or her telephone number on the national Do Not Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

62. Third party telemarketing firm or firms acting as agents for Defendants made unsolicited telemarketing calls to the cellular telephone number belonging to Plaintiffs, and the other members of the Do Not Call Class despite said Do Not Call registration.

63. Said calls were made by said third party telemarketing firm or firms or "on behalf" of Defendants as contemplated by 227(c)(5).

64. Defendants are liable with regard to said do-not-call violations as said third party telemarketers had (1) access to detailed information regarding the nature of Defendants' products; (2) said third party telemarketers had the authority to contact Plaintiffs and putative class members using Defendants' trade names; (3) Defendants approved, ratified and/or reviewed said third party telemarketers scripts; and (4) Defendants knew or reasonably should have known that the telemarketer was violating the TCPA on Defendants behalf, and Defendants failed to take effective steps within its power to force the telemarketer to cease said conduct.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE ALABAMA TELEMARKETING ACT
### (On behalf of Plaintiffs and the Robocall Class)

65. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

66. Defendants are commercial telephone sellers pursuant to §8-19-A-3(2) of the Alabama Code, 1975.

67. Defendants have wrongfully placed unsolicited commercial telephone solicitation calls utilizing an automated dialing machine to Plaintiffs and the Robocall Class pursuant to §8-19-A-3(3) and §8-19-A-3(19) of the Alabama Code, 1975.

68. Defendants have illegally and improperly placed unsolicited telemarketing calls to Plaintiffs and the Robocall Class in violation of §8-19-A-1, et seq., of the Alabama Code, 1975.

69. Defendants have failed, as commercial telephone sellers, to obtain a license from the State of Alabama pursuant to §8-19-A-5 of the Alabama Code, 1975.

70. As such, Defendants are liable for a civil penalty of up to ten thousand dollars ($10,000) for each violation pursuant to §8-19-A-18 of the Alabama Code, 1975.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
**(On behalf of Plaintiffs and the Robocall Class)**

71. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

72. Defendants or their agents place pre-recorded calls to Plaintiffs and the Robocall Class incorrectly and fraudulently informing businesses and business owners that there is an issue with their Google listings, and that they are to remain on the line to speak with a live representative. The live operator then tries to sell the consumer local search engine optimization services.

73. This telemarketing sequence, from beginning to end, was and is designed to hide the real identity of the company behind the telemarketer since the company did not have consent to call the consumers in the first place.  Specifically, Defendants repeatedly called Plaintiffs and the Robocall Class from various telephone numbers and promptly terminate any calls wherein the

Plaintiffs and the Robocall Class seek more detailed information regarding the manner in which their cellular phone numbers were obtained. In addition, Defendants call Plaintiffs and the Robocall Class from varying numbers to hide the real identity of the Defendants.

74. Plaintiffs and putative Robocall Class Members have sustained actual damages, and are entitled to three times the actual damage pursuant to §8-19-10 of the Alabama Code, 1975 as (1) according to information and belief, the unlawful practices complained of herein have been made to thousands of individuals; and (2) have been frequent, persistent and continue to this day.

75. As such, Defendants wrongful conduct violate the Alabama Deceptive Trade Practices Act, §8-19-5 of the Alabama Code, 1975, and specifically §§8-19-5(1), (2), (3), (4), and (27).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jordan Todd Sobel and Plaintiff Helmets, Inc., on behalf of themselves, the Robocall Class, and the Do Not Call Class, respectfully request that this Court enter an order:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff Jordan Todd Sobel as representative of the Class, and appointing his counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. An award of actual and statutory damages;

D. Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees pursuant to §8-19A-19 and §8-19-10(3), and all other applicable statutes;

E. Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

F. Awarding such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted, this the 29th day of September, 2015.

/s/ James H. McFerrin
James H. McFerrin

**OF COUNSEL:**
McFerrin Law Firm LLC
265 Riverchase Parkway East, Suite 202
Birmingham, Alabama 35244
Telephone: (205) 870-5704
Facsimile: (205) 985-5093
E-mail: jhmcferrin@bellsouthnet.com

/s/ Diandra S. Debrosse Zimmermann
Diandra S. Debrosse Zimmermann

**OF COUNSEL:**
Zarzaur Mujumdar & Debrosse – Trial Lawyers
2332 2nd Avenue North
Birmingham, Alabama 35203
Telephone: (205) 983-7985
Facsimile: (888) 505-0523
E-mail: fuli@zarzaur.com

**SERVE BY CERTIFIED MAIL:**

**2:20 Marketing Group, LLC d/b/a Xurli**
c/o Registered Agent Amber Lutui
923 River Rd, Ste. 201
St. George, UT 84790
*Defendant*

**Xurli**
c/o Registered Agent Amber Lutui
923 River Rd, Ste. 201
St. George, UT 84790
*Defendant*

**Jeff Lerner**
c/o **2:20 Marketing Group, LLC d/b/a Xurli**
c/o Registered Agent Amber Lutui
923 River Rd, Ste. 201
St. George, UT 84790
*Defendant*

**Luther Strange**
Attorney General of the State of Alabama
501 Washington Avenue
Montgomery, Alabama 36104